SCHWARTZ, Chief Judge.
We hold that the trial court abused its discretion in dismissing the pro se plaintiffs claim with prejudice for his failure to appear at the calendar call and for trial, in the light of the undisputed fact that Perez was then an incarcerated state prisoner who was totally unable to attend. Leone v. Florida Power Corp., 567 So.2d 992 (Fla. 1st DCA 1990); Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA 1989), rev. denied, 553 So.2d 1164 (Fla.1989); Zafirakopoulous v. South Miami Int’l Crabhouse, Inc., 513 So.2d 1353 (Fla. 3d DCA 1987); Schemer v. Peck, 405 So.2d 1033 (Fla. 4th DCA 1981).
Accordingly, the judgment under review is reversed. In accordance with Perez’s specific request, the cause is remanded with directions to set the cause for an expeditious trial, forty-five days or more from the return of the mandate. Perez represents that, if granted this relief, he will be able to secure transportation or otherwise adhere to the requirements for the prosecution of his case, so that if he does not do so with respect to the forthcoming trial, his action will be subject to final dismissal.
Reversed and remanded with directions.