604 So.2d 930 (1992)
Gayle Deschaine WILLIAMS and Garris Williams, Petitioners,
v.
Hon. William F. EDWARDS, Circuit Court Judge, etc., et al., Respondents.
No. 92-1454.
District Court of Appeal of Florida, Fifth District.
September 18, 1992.
*931 Delia A. Doyle, Ormond Beach, and Patricia A. Doherty of Wooten, Honeywell & Kest, P.A., Orlando, for petitioners.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for respondents John Campbell, M.D., Jackson L. Straub, M.D., P.A., and Jackson L. Straub, M.D., P.A. d/b/a Citrus Radiology Associates.
No appearance for respondent, Honorable William F. Edwards.
DAUKSCH, Judge.
This is a petition for mandamus which we have elected to treat as a petition for writ of certiorari. We quash the appealed order.
The petitioners in the instant case, Gayle and Garris Williams, instituted a medical malpractice action against David W. Powers, M.D., David W. Powers, M.D., P.A., John Campbell, M.D., individually, Jackson L. Straub, M.D., P.A. d/b/a Citrus Radiology Associates and Citrus County Hospital Board of Trustees d/b/a Citrus Memorial Hospital. On January 22, 1992, the trial court granted defendant Citrus Memorial Hospital's motion to dismiss for failure to provide corroborating expert opinion at the time the notice of intent to sue had been served.
On February 14, 1992, in Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA 1992), this court held that, at the time the action accrued in that case, the corroborating medical expert opinion had to be supplied when the notice of intent to sue was filed, not when the notice was mailed. Stebilla was a medical malpractice action totally unrelated to the instant case. However, the trial court in Stebilla had granted a motion to dismiss for failure to provide corroborating expert opinion at the time the notice of intent to sue had been served, just as the trial court in the instant case had done as to Citrus Memorial Hospital.
On April 27, 1992, the trial court in the instant case conducted a hearing on a similar motion to dismiss by defendant Powers. The trial court recognized it was then bound by the Stebilla case and denied the motion to dismiss. The trial court then heard a motion for summary judgment filed on behalf of defendants John Campbell, M.D., individually, Jackson L. Straub, M.D., P.A., and Jackson L. Straub, M.D., P.A. d/b/a Citrus Radiology Associates. The issue raised in the motion was the same one raised by Citrus Memorial Hospital and Powers in their previous motions to dismiss, that being the allegation that the corroborating medical opinion was insufficient. During this hearing, the court expressed its opinion that the parties were "wasting an awful lot of time" in not staying the proceedings until the issue in Stebilla was "decided once and for all." Counsel for one of the parties had informed the court that the Stebilla case was being appealed to the Supreme Court of Florida. The court then accepted an ore tenus motion to stay[1] the proceedings, and entered *932 an order staying the proceedings in the case pending supreme court review of Stebilla.
The trial court here abused its discretion in staying the proceedings. While the trial court was concerned with the effect of multiple appeals on the ultimate trial in this case, if any, to allow trial courts to stay cases until cases which resolve pending issues are determined by the supreme court would lead to inordinate delay and confusion at the trial court level. Therefore, we quash the appealed order and remand the case to the trial court for further proceedings.
We note parenthetically that after the original draft of this opinion was prepared for issuance our supreme court denied review in Stebilla v. Mussallem, rev. den., 604 So.2d 487, 604 So.2d 486 (Fla. 1992). Because the original opinion had not been issued, we were able to add this note and then issue this opinion, as first prepared. The denial of certiorari by the supreme court in Stebilla had nothing to do with the substance of this ruling.
ORDER QUASHED; CAUSE REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] Although the parties here discussed "abatement" of the proceedings and the trial court entered an order "abating" the proceedings, we treat the order as a stay of the proceedings in light of the intent of the order. "Abatement" and "stay of proceedings" are similar in some respects, but not identical. "Traditionally, abatement terminated common law actions and necessitated bringing the action anew if and when it became proper to do so ... Under modern rules a stay simply postpones the action until the happening of some contingency." Perry v. Fireman's Fund Insurance Co., 379 So.2d 429, 430 (Fla. 2d DCA 1980). Abatement is appropriate where two actions are pending simultaneously which involve the same parties and the same or substantially the same causes of action. Lightsey v. Williams, 526 So.2d 764, 765 (Fla. 5th DCA 1988). When the grounds for the abatement of an action exist, the abatement of the action is a matter of right, but the granting of a stay is addressed to the discretion of the court. 1 Fla.Jur.2d Actions § 37 (1977).