Shirley RIVERS, et al., Plaintiffs,

v.

The WALT DISNEY COMPANY, Defendant.

No. CV–97–1499–AAH(VAPx).

United States District Court, C.D. California.

Aug. 11, 1997.

Lionel Z. Glancy and Peter A. Binkow, Law Offices of Lionel Z. Glancy, Los Angeles, CA and Stuart D. Wechsler and Richard B. Brualdi, Wechsler, Harwood, Halebian & Feffer, LLP, New York City, for Plaintiffs.

Peter L. Haviland, Kaye, Scholer, Fierman, Hays & Handler, LLP, Los Angeles, CA, for Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO STAY THIS ACTION PENDING DECISION IN MDL PROCEEDINGS

HAUK, District Judge.

### INTRODUCTION

The instant case, hereinafter referred to as *Rivers I*, is a putative "across-the-board"

class action race discrimination lawsuit brought by four Walt Disney World Company ("Disney World") employees against the Walt Disney Company ("Disney"). Plaintiffs assert in their complaint that Defendant has a pattern and practice of failing to promote African–American employees to supervisorial positions within certain Disney departments. Four other employment discrimination suits have been filed against Disney and/or Disney World in the Middle District of Florida.[1]

■ On June 9, 1997, this Court denied Plaintiffs' motion for voluntary dismissal after concluding that Plaintiffs' counsel *may have been* forum-shopping, or indeed judge-shopping. This Court has been informed that on June 27, 1997, pursuant to 28 U.S.C. § 1407, the plaintiffs in *Reyes*, the putative Latino class action lawsuit cited in footnote 1, *supra*, filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel" or "JPML") seeking transfer and consolidation of *Rivers I, Rivers II, Murdock, Hightower,* and *Reyes*.[2] Plaintiffs now move this Court for a stay of pretrial proceedings pending a decision by the MDL Panel. In the alternative, if this Court does not stay all proceedings pending a MDL Panel decision, Plaintiffs request an extension of time for class certification discovery and additional time in which to be required to file a motion for certification.

Defendant asserts that Plaintiffs' motion to stay is just another attempt by Plaintiffs to judge shop. It is Defendant's belief that the motion for multidistrict consolidation pending before the MDL Panel, which Plaintiffs joined, is an attempt to have the instant case transferred from this Court in the hope that a more pro-Plaintiff jurist would be assigned the consolidated cases. Therefore, according to Defendant, this Court should deny Plaintiffs' motion to stay all pretrial proceedings pending a MDL Panel decision and order.

1. The four cases filed in the Middle District of Florida are: *Rivers v. The Walt Disney World Company,* 97–367–Civ.–Orl.–22 (*"Rivers II "*); *Murdock v. The Walt Disney World Company and The Walt Disney Company,* 97–368–Civ.–Orl.–18 (*"Murdock"*); *Hightower v. The Walt Disney World Company,* 97–661–Civ.–Orl.–18 (*"Hightow-*

*er "*); and *Reyes v. The Walt Disney World Company,* 97–345–Civ.–Orl.–18 (*"Reyes "*).

2. Plaintiffs in our case have filed a Joint Response with the MDL Panel which supports the *Reyes* Plaintiffs' Motion To Transfer And Consolidate. (Def's Opp'n, Brenner Decl., Ex. 5 at 1.)

Defendant further complains that Plaintiffs have been dilatory in their discovery requests regarding class certification. Thus, according to Defendant, Plaintiffs' additional request for an extension of time to conduct class certification discovery should also be denied since such an order would reward rather than punish Plaintiffs for failing to conduct discovery in a timely manner.

## DISCUSSION

### I. Motion To Stay

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *see also Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. at 166.

█ In the instant case, Plaintiffs have moved for a stay of proceedings pending the motion filed with the MDL Panel. Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation. *See* Manual For Complex Litigation, Third, at 252 (1995). Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency. *Weisman v. Southeast Hotel Prop. Ltd. Partnership*, 1992 WL 131080, at *6 (S.D.N.Y. 1992) (citing Wright, Miller & Cooper, Federal Practice and Procedure § 3866 (1986)).

█ When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See American Seafood v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1–2 (E.D.Penn.1992).

Defendant has not argued that it would be prejudiced if this Court granted Plaintiffs' motion to stay. On the other hand, Plaintiffs have similarly failed to argue that it would be unduly burdensome for Plaintiffs to have to proceed with pretrial matters in this case pending the outcome of the MDL Panel proceedings.[3] The only issue that has been brought to this Court's attention is the fact that judicial resources could potentially be saved if the instant action is stayed.

There are two ways in which judicial resources could be conserved by staying this matter. First, if this case is consolidated with the other cases in Florida and this Court is not assigned by the MDL Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this

---

**3.** Plaintiffs have only argued that because of Disney's failure to "produce a single document or answer a single interrogatory," it is ridiculous to assume that Plaintiffs can go forward with class certification at this time. (*See* Reply Memo. at 6, n. 3.) This does not address the issue as to whether a stay of proceedings should be ordered, but instead merely establishes that the parties

may not have been cooperating during the early discovery phase of this case. Additionally, if this Court retains jurisdiction over this matter it would be wise for the parties to consider the letter and spirit of the federal rules regarding discovery and engage in open, cooperative, meaningful and efficient discovery practices.

Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the Disney cases in this Court. Therefore, there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision.

In addition, even if this Court denied Plaintiffs' motion to stay, ruled upon more substantive motions, such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain. Although transferee judges should generally respect any orders of a transferor judge as "law of the case," [4] transferee judges have been known to vacate or modify previous rulings of the transferor judge. *See In re Exterior Siding & Alum. Coil Litig.*, 538 F.Supp. 45, 47–8 (D.Minn.1982) (transferee court granting class certification even though a motion for certification had already been denied by the transferor court); *In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 81 F.R.D. 482, 486–87 (E.D.Mich.1979) (holding that the transferee court may vacate or modify any orders ˙ entered by another court). In other words, this Court could go forward with issues related to class certification at this time, but the time and energy that this Court would devote to any rulings it might make regarding certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders.

Defendant argues, however, that a stay is unwarranted. It contends that Plaintiffs are not interested in conserving judicial resources, but are instead only interested in finding the most favorable forum for this lawsuit. (Def's Opp'n at 5–6.) Apparently, Defendant perceives the instant motion as an attempt by Plaintiffs to prevent this Court from ruling upon upcoming potentially dispositive motions that might affect the viabili-

ty of Plaintiffs' claims before the MDL Panel acts. However, no such substantive preliminary motions have been filed with this Court and the parties have not indicated that such motions are imminently forthcoming. Moreover, while Defendant convinced this Court at the June 9, 1997 hearing that Plaintiffs *may have been* forum shopping, merely repeating these allegations is not a compelling argument for the purposes of the instant motion.

Furthermore, Defendant has not argued that a stay of proceedings in this case would not conserve judicial resources. Defendant has only argued that in some instances a trial judge did not stay proceedings while a motion to transfer and consolidate was pending with the MDL Panel. In one of those cases, *Weisman v. Southeast Hotel Prop. Ltd. Partnership*, the district court denied a motion to stay pretrial proceedings because it believed it was necessary to resolve a basic jurisdictional issue at the outset of the litigation. *Weisman*, 1992 WL 131080, at *6–8. Instead of staying the proceedings, the Court held that venue was more conveniently found in another forum and then transferred the entire matter to that forum. *Id.* Thus, the judge in *Weisman* conserved his own Chambers' limited resources by denying the motion to stay and transferring the case to another forum. In the instant case, this Court does not need to resolve fundamental jurisdictional issues such as proper venue. If this case is not stayed, preliminary proceedings would continue as required by the Central District Local Rules and this Court would need to monitor discovery and approve a case management plan in a potentially massive race discrimination action against one of this country's biggest and most well-known employers. Taking on such a task at this time would seem to unnecessarily consume judicial time and energy.

Defendant also cites to *Villarreal v. Chrysler Corp.*, 1996 WL 116832 (N.D.Cal.1996), in opposition to Plaintiffs' motion to stay. In that case, the court did not stay preliminary pretrial proceedings because judicial econo-

---

**4.** The Supreme Court has defined "law of the case" as a doctrine which stands for the principle that "a decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983).

my was best served by first considering jurisdictional issues. *Id.* at * 1. The court then remanded the action to state court holding that it did not have subject matter jurisdiction over the case. *Id.* at *3–4. Again, as was the case with *Weisman,* the instant matter is distinguishable because this court does not first need to resolve any basic jurisdictional issues that would allow it the opportunity to transfer this action to a more proper forum.

Moreover, it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved. *See American Seafood,* 1992 WL 102762, at *6 (citing *Arthur–Magna, Inc. v. Del–Val Fin. Corp.,* 1991 WL 13725 (D.N.J.1991)); *Portnoy v. Zenith Laboratories,* 1987 WL 10236, at *1 (D.D.C.1987).

Therefore, since it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation.[5]

## II. Motion For Extension Of Class Certification Deadlines

Plaintiffs have also brought a motion for an extension of the cut-off date for discovery regarding class certification, and for an extension of time in which to have to file a motion for class certification. Since this Court has concluded that a stay of these proceedings is warranted, this issue is now moot. Once the MDL Panel consolidates the cases, or if it denies the motion to transfer and consolidate and *Rivers I* remains in this Court, new discovery cut-off dates will then be set by this Court or by the Judge to whom the consolidated litigation is assigned.

## CONCLUSION AND ORDER

This Court, having duly considered Plaintiffs' Motions, exhibits attached thereto, De-

fendant's Opposition and exhibits attached thereto, the oral arguments at the August 11, 1997 hearing regarding this case, as well as all other pleadings related to this action, HEREBY ORDERS THAT:

(1) Plaintiffs' Motion To Stay This Action Pending Decision In MDL Proceedings is GRANTED and this case is stayed in its entirety;

(2) Plaintiffs' Motions For An Extension Of Time To Conduct Class Discovery And To Move For Class Certification are MOOT; and

(3) The Clerk of the Court shall serve a copy of this Order on all counsel of record.

SO ORDERED.

---

5. In fact, even if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant. *See Egon v. Del–Val Fin. Corp.,* 1991 WL 13726, at *1, 1991 U.S. Dist. LEXIS 1420, at *2 (N.J.1991). In addition, this Court has been informed that any delay would indeed be temporary since the MDL Panel will hear the Motion To Transfer And Consolidate on September 19.