765 So.2d 60 (2000)
Lee Roy SMITH, Petitioner,
v.
Pierre M. ST. VIL, Transportation Casualty Insurance Company, and Earlston Roberts, Respondents.
No. 4D99-1340.
District Court of Appeal of Florida, Fourth District.
February 9, 2000.
Lee Roy Smith, Edgefield, South Carolina, pro se.
No response required for respondents.
PER CURIAM.
Petitioner filed this petition for writ of certiorari seeking relief from the trial court's order staying the underlying civil case until petitioner, the plaintiff below in this personal injury action, nears completion of his nine-year federal prison term. We find that petitioner has demonstrated irreparable injury that cannot be corrected on final appeal, caused by a departure from the essential requirements of law. See Bared & Co., Inc. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996); State *61 v. Antonucci, 590 So.2d 998 (Fla. 5th DCA 1991); Heidelberg v. Hammer, 577 F.2d 429 (7th Cir.1978).
Petitioner, while incarcerated in the Florida prison system, filed suit against the respondents for damages arising from an automobile accident. Upon receiving an order setting the case for trial, petitioner requested a continuance until his transfer into the custody of the United States Federal Bureau of Prisons was complete and a permanent placement determined. Petitioner also requested the trial court to issue an order to transport him from prison to attend his civil trial in Broward County. Following a telephonic hearing, the court denied his request to be transported and housed for the trial period and sua sponte ordered that the case be stayed until Petitioner was within six months of his release from federal custody.[1]
Neither the petitioner nor the respondents requested the stay of approximately nine years. In fact, respondents also filed a petition for writ of certiorari from the order granting the stay in St. Vil v. Smith, No. 99-1415 (Fla. 4th DCA, Jul. 9, 1999). Both parties argue that the length of the stay is unreasonable and that the delay of trial proceedings will result in prejudice to them. The sole reason given by the trial court for ordering the stay was that "the [petitioner] is just beginning a nine year sentence in Federal custody."
Although the decision whether to grant or deny a stay is within the discretion of the trial court, where, as here, neither party has requested a stay and no sufficient basis for the lengthy stay appears in the record, delay of the entire proceedings may constitute a departure from the essential requirements of law and cause irreparable injury that cannot be remedied on final appeal. We recognize that the petitioner's incarceration may impede his ability to participate in trial. See Perez v. Unger, 571 So.2d 67 (Fla. 3d DCA 1990)(reversing trial court's dismissal of an incarcerated plaintiff's claim for his failure to attend calendar call and trial where plaintiff was unable to attend due to his incarceration but indicating that plaintiff's action was subject to dismissal if he was unable to fulfill his promise to secure transportation or otherwise meet court requirements). We, nevertheless, grant this petition and quash that portion of the trial court's order staying the trial court proceedings.
FARMER, KLEIN and TAYLOR, JJ., concur.
NOTES
[1] The court's denial of petitioner's petition for writ of habeas corpus ad testificandum is the subject of a separate petition pending before this court in Case No. 99-1339.