POLEN, J.
In this petition for writ of certiorari, petitioner seeks review of a nonfinal order which denied its motion to access records and which granted respondents’ motion to stay proceedings for ninety days. We dismiss the petition as it pertains to the denial of the motion for access to records, and summarily deny the petition as it pertains to the granting of the motion to stay.
*495 This action began with a derivative complaint[1] for damages and injunctive relief filed by petitioner against several defendants with respect to the purchase of defendant Suncruz Casinos, LLC’s assets. There were also five other lawsuits pending in state and federal court arising out of the same purchase and sale of Suncruz’s assets. In the instant case, petitioner filed an emergency motion for temporary injunction seeking, in part, access to Sun-cruz’s books and records. It later filed a request for production to review the company’s records.
The defendants opposed the emergency motion, arguing in part that the request was overbroad and directly related to the claims pending in the other lawsuits. They also filed their own emergency motion to stay proceedings. They argued that the issues raised by petitioner in this litigation had been raised in the other pending cases, and that the asset purchase agreement had been procured by fraud. They asked that this case be stayed pending the outcome of the other cases to avoid the potential for inconsistent rulings and verdicts on the numerous issues.
The trial court denied petitioner’s motion for access to records but granted the defendants’ motion to stay proceedings for ninety days. This order is the subject of the instant petition for writ of certiorari.
While a trial court has broad discretion to grant or deny a motion to stay a case pending before it, REWJB Gas Invs. v. Land O’Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994), a “delay of the entire proceedings may constitute a departure from the essential requirements of law and cause irreparable injury that cannot be remedied on direct appeal.” Smith v. St. Vil, 765 So.2d 60 (Fla. 4th DCA 2000). In this case, the trial court acted within its discretion in granting the stay, as there were numerous lawsuits pending involving many of the same issues, and there was the risk of inconsistent and/or duplicate rulings. Substantial judicial resources will be conserved by letting the issues concerning the asset purchase agreement be resolved in the cases in which they were already filed rather than simultaneously attempting to resolve them in this forum. As such, we hold petitioner has failed to demonstrate that the mere ninety-day stay was erroneous, let alone that it would cause such irreparable injury that could not be remedied on direct appeal. Accordingly, we deny this part of the petition.
As to the order denying its motion to access records, such order is ordinarily not reviewable by certiorari because the harm from such orders can be rectified upon plenary appeal. See Nat'l Beverage Suppliers, Inc. v. Esquire Prods. of Fla., Inc., 493 So.2d 551 (Fla. 4th DCA 1986). We, therefore, dismiss this part of the petition.[2]
DISMISSED in part; DENIED in part in accordance with this opinion.
FARMER and STEVENSON, JJ., concur.

. Petitioner was a member of defendant Sun-cruz Casinos, LLC.

. Petitioner also argues the trial court improperly denied its motion for temporary injunction. This argument is misleading because the court did not deny the injunction.