801 So.2d 1009 (2001)
Frederick VERLINGO and Tina Villa, Petitioners,
v.
Steven TELSEY and Donald Butler, Respondents.
No. 4D01-2882.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
Russell L. Forkey of Russell L. Forkey, P.A., Fort Lauderdale, for petitioners.
Cristofer A. Bennardo of Bennardo & Bennardo, Boca Raton, for respondents.
PER CURIAM.
Petitioners, plaintiffs below, seek certiorari relief from an order granting the defendants' *1010 motion to stay proceedings without prejudice, pending the resolution of an arbitration proceeding the plaintiffs have filed against other parties pursuant to an arbitration clause in an agreement between the plaintiffs and those parties. We grant the petition.
As this court recently stated,
While a trial court has broad discretion to grant or deny a motion to stay a case pending before it, REWJB Gas Invs. v. Land O'Sun Realty, Ltd., 643 So.2d 1107 (Fla. 4th DCA 1994), a "delay of the entire proceedings may constitute a departure from the essential requirements of law and cause irreparable injury that cannot be remedied on direct appeal." Smith v. St. Vil, 765 So.2d 60 (Fla. 4th DCA 2000).
Shake Consulting, LLC v. Suncruz Casinos, LLC, 781 So.2d 494, 495 (Fla. 4th DCA 2001) (replacing the quote in Smith from "final appeal" to "direct appeal.").
Although the facts underlying the two proceedings are related, the claims against the different sets of respondents are entirely different and distinct, and nothing suggests that the defendants in this case will be bound in any way by the result of the arbitration proceeding, except that the damages for which they might be held liable in the instant proceeding will be reduced by any damages the plaintiffs may recover in the arbitration proceeding. See Rowell v. Smith, 342 So.2d 149, 150 (Fla. 1st DCA 1977); Neale v. Aycock, 340 So.2d 535, 536 (Fla. 1st DCA 1976).
GUNTHER, KLEIN and GROSS, JJ., concur.