890 So.2d 1195 (2005)
Evelyn SHOEMAKER, Petitioner,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. Respondent.
No. 5D04-2874.
District Court of Appeal of Florida, Fifth District.
January 7, 2005.
*1196 Michael S. Rywant and Kerry C. McGuinn, Jr. of Rywant, Alvarez, Jones, Russo & Guyton, P. A., Tampa; Shannon McLin Carlyle of The Carlyle Appellate Law Firm, The Villages; and Don McKeever, Winter Park, for Petitioner.
Paul L. Nettleton, Benjamine Reid and Nancy C. Ciampa, of Carlton Fields, P. A., Miami, for Respondent.
ORFINGER, J.
Evelyn Shoemaker, the plaintiff below, seeks certiorari review of the trial court's order granting State Farm Mutual Insurance Company's motion to stay her lawsuit against State Farm. We quash the trial court's order and remand for further proceedings.
Shoemaker was injured in an automobile accident with an uninsured motorist in 1991. At the time of the accident, Shoemaker was insured under an automobile policy issued by State Farm, providing PIP, Med Pay, collision, and uninsured motorist coverage. State Farm paid PIP and Med Pay for Shoemaker's medical bills related to the accident, and benefits under the collision coverage for her damaged vehicle. However, no uninsured motorist coverage benefits were paid. In 2002, well after State Farm closed out Shoemaker's claim, she filed a multi-count complaint against State Farm, alleging fraud and deceit in the claims handling process; violations of section 624.155, Florida Statutes (1991) (civil remedy statute); violations of section 626.9541, Florida Statutes (1991) (unfair claim settlement statute); and civil conspiracy.
Following discovery, the case was set for trial in September, 2004. Shortly before trial, the court, acting on State Farm's motion, stayed the instant case, pending the Second District Court's disposition of Mazzoline v. State Farm, No. 03-5454 (Fla. 2d DCA filed Nov. 20, 2003), and this Court's disposition of O'Bryant v. State Farm, No. 04-2615 (Fla. 5th DCA filed Aug. 2, 2004), both of which are unrelated cases involving State Farm. Shoemaker's counsel objected to the stay, advising the trial court that Shoemaker was 74 years old and has cancer. In support of its stay order, the circuit court found that State Farm was defending twenty-two similar cases filed around the State of Florida by Shoemaker's counsel. The circuit court recognized that while the plaintiffs were different in each case, the allegations made by the various plaintiffs against State Farm in the other cases were substantially *1197 similar, if not identical, to the allegations in the present case. The trial court concluded that a stay would conserve judicial resources, as the disposition of the pending appellate matters would help resolve the instant dispute.
A stay postpones an action until some contingency occurs. See Williams v. Edwards, 604 So.2d 930 (Fla. 5th DCA 1992). Here, the trial court's order has the effect of postponing Shoemaker's action until two district courts of appeal resolve unrelated cases decided on different theories.[1] The stay entered in this case is indefinite and dependent on matters over which Shoemaker has no control. When the pending appellate matters involving State Farm will be resolved is anyone's guess. Consequently, the stay entered here could lead to excessive delay, something not capable of being remedied on direct appeal, particularly given Shoemaker's age and health. See Williams v. Edwards, 604 So.2d 930 (Fla. 5th DCA 1992) (where trial court entered a stay order because a similar issue was on appeal to the Florida Supreme Court, this Court held that the trial court abused its discretion because the practice of staying cases pending resolution of issues in the supreme court could lead to inordinate delay and confusion at the trial court level).
A trial court has broad discretion to grant a motion for stay, but certiorari is available as a remedy if the delay in proceedings constitutes a departure from the essential requirements of law causing material injury that cannot be remedied on direct appeal. See Smith v. St. Vil, 765 So.2d 60 (Fla. 4th DCA 2000). We conclude that the circuit court should not have granted the stay, because Shoemaker is not a party to the two other cases now on appeal. Further, the two appeals were not initiated in the same appellate court nor do they involve an identical dispositive issue. Moreover, the instant case and the two pending appellate cases do not arise out of the same accident or insurance contract. Rather than promoting the goal of judicial efficiency, the indefinite stay will cause unnecessary delay in a case that has been pending since 2002.
We quash the order on review and remand this matter to the trial court for further proceedings.
ORDER QUASHED; CAUSE REMANDED.
SAWAYA, C.J. and MONACO, J., concur.
NOTES
[1] In the Mazzoline case, the circuit court entered a final summary judgment in favor of State Farm on a statute of limitations defense. In O'Bryant, the circuit court granted final summary judgment in favor of State Farm based on the economic loss rule.