941 So.2d 461 (2006)
FLORIDA DEPARTMENT OF AGRICULTURE, et al., Petitioners,
v.
In re CITRUS CANKER LITIGATION, Respondent.
No. 3D06-1099.
District Court of Appeal of Florida, Third District.
October 25, 2006.
*462 Adorno & Yoss and Jack R. Reiter and Wesley R. Parsons, Miami, for petitioners.
Robert C. Gilbert; Weiss Serota Helfman Pastoriza Cole & Boniske and Joseph H. Serota, Miami, and Jamie Alan Cole, Ft. Lauderdale, for respondent.
Before WELLS, CORTIÑAS, and LAGOA, JJ.
CORTIÑAS, Judge.
Petitioners, the Florida Department of Agriculture and Consumer Services and its commissioner, Charles Bronson, (collectively "Petitioners"), petition for a writ of certiorari to quash the trial court's order denying their motion to delete the class in this case and require a certification hearing.
Respondents, Miami-Dade County class representatives Harry Roberge, Dr. Evelyn Lopez-Brignoni, and Elba Brignoni (collectively "Respondents"), along with Broward County class representatives, brought a class action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida ("Broward Circuit Court"). Respondents brought the action on behalf of themselves and a class of Miami-Dade property owners whose uninfected citrus trees, which were within 1900 feet of canker-infected trees, were destroyed under the Citrus Canker Eradication Program ("CCEP"). The complaint sought to enjoin Petitioners from destroying uninfected trees within 1900 feet of infected trees, and asserted an inverse condemnation claim for compensation pursuant to Article X, section 6(a), of the Florida Constitution.
On January 24, 2002, Broward Circuit Court Judge Leonard Fleet entered an order certifying the following class:
All owners of citrus trees within Broward County, incorporated or otherwise, and Miami-Dade County, incorporated or otherwise, not used for commercial purposes, which were not determined by the Department to be infected with citrus canker and which were destroyed under the CCEP from January 1, 2000 to the present.
Petitioners appealed the certification of the class of both Broward and Miami-Dade owners to the Fourth District Court of Appeal. See Fla. Dep't of Agric. & Consumer Servs. v. City of Pompano Beach, 829 So.2d 928 (Fla. 4th DCA 2002). The Fourth District affirmed the class certification, but reversed with directions to the trial court to "delete" the Miami-Dade owners from the class on the basis of improper venue. Pompano Beach, 829 So.2d at 932.
Thereafter, the Broward Circuit Court entered an order transferring the claims of the Miami-Dade owners to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida ("Miami-Dade Circuit Court"). Petitioners filed a motion to enforce the mandate in the Fourth District, challenging the above order. Petitioners' motion was denied.
The class proceedings were transferred to the Miami-Dade Circuit Court on April *463 4, 2003. Respondents also filed a complaint in the Miami-Dade Circuit Court on April 4, 2003. On February 9, 2004, Petitioners moved to decertify the class and dismiss the case, but later withdrew their motion.
Subsequently, Petitioners filed a motion to delete the Miami-Dade class and require a certification hearing, arguing that, pursuant to Pompano Beach, the Miami-Dade Circuit Court was under an obligation to delete the class and proceed with an independent certification hearing to determine whether the class should be certified. The Miami-Dade Circuit Court entered an order denying Petitioners' motion, stating that it adopted "in its entirety" the Broward Circuit Court's order transferring the claims of the Miami-Dade owners.
Petitioners seek a writ of certiorari quashing the Miami-Dade Circuit Court's order on the basis that the order departed from the essential requirements of the law, causing irreparable harm that cannot be remedied on plenary appeal. See Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221, 222 (Fla. 3d DCA 2000). We grant the writ.
The mandate in Pompano Beach was issued on January 21, 2003, before the Broward Circuit Court transferred the case to the Miami-Dade Circuit Court. Upon the issuance of the mandate from the Fourth District, the Broward Circuit Court's role became purely ministerial, and its function was limited to obeying the Fourth District's decree. See Torres v. Jones, 652 So.2d 893, 894 (Fla. 3d DCA 1995) (citations omitted)(holding that "[a] trial court's role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree").
Pursuant to Pompano Beach, the Broward Circuit Court was solely to "delete" the Miami-Dade owners from the class. See Pompano Beach, 829 So.2d at 932. Instead, the Broward Circuit Court entered an order transferring the Miami-Dade owners' claims to the Miami-Dade Circuit Court stating:
The claims of Miami-Dade County plaintiffs/class representatives, Harry Roberge, Dr. Evelyn Lopez-Brignoni and Elba Brignoni, are transferred to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, for further proceedings consistent with this Court's Order Granting Plaintiffs' Motion for Class Certification and the Fourth District's Class Certification Decision.
(emphasis added). Although the Broward Circuit Court's order also stated that it deleted the Miami-Dade owners from the certified class, it is clear that the Broward Circuit Court intended that the Miami-Dade Circuit Court adopt the order granting class certification with respect to the Miami-Dade owners. The Broward Circuit Court went beyond a purely ministerial role, and did not limit itself to obeying the Fourth District's decree in Pompano Beach. To follow the Fourth District's mandate and "delete" the Miami-Dade owners from the class would require the Broward Circuit Court to "drop", "eliminate," "exclude," "remove," or "strike out" the Miami-Dade owners. See Roget's New Millennium Thesaurus (1st ed. 2006).
As such, the Broward Circuit Court's class certification of the Miami-Dade owners should have been revisited by the Miami-Dade Circuit Court for an independent certification determination based on the claims asserted by the Miami-Dade owners in their pleadings filed in the Miami-Dade Circuit Court, and pursuant to Florida Rule of Civil Procedure 1.220. See Fla. *464 R. Civ. P. 1.220(d)(1)(stating, in relevant part, "[a]s soon as practicable after service of any pleading alleging the existence of a class under this rule . . ., after hearing the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class. . . . ").
Moreover, Florida Rule 1.220 is based on the federal class action rule, Federal Rule of Civil Procedure 23, and we turn to relevant federal decisions as persuasive authority on the interpretation of Florida Rule 1.220. See In re Rules of Civil Procedure, 391 So.2d 165, 170 (Fla. 1980); Seven Hills, Inc. v. Bentley, 848 So.2d 345, 352-53 (Fla. 1st DCA 2003); Powell v. River Ranch Prop. Owners Ass'n, Inc., 522 So.2d 69, 70 (Fla. 2d DCA 1988). Federal courts dealing with the transfer of a class to another court, after the class has been previously certified, have held that transferee courts have the power to reconsider the class certification determinations made by the transferor court. See Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1361 (C.D.Cal.1997); In re Exterior Siding & Aluminum Coil Litig., 538 F.Supp. 45, 47 (D.Minn.1982). Although transferee courts should generally respect the orders of the transferor courts as "law of the case," the transferee court is free to exercise those pretrial powers exercisable by the transferor court, and may review, modify, expand, revise, or vacate any prior decision of the transferor court. Rivers, 980 F.Supp. at 1361; In re Exterior Siding, 538 F.Supp. at 47; In re Plumbing Fixture Cases, 298 F.Supp. 484, 490 (J.P.M.L.1968). In revisiting whether a class should be certified, the transferee court should not be influenced by any initial determinations of the transferor court. In re Exterior Siding, 538 F.Supp. at 47.
In the instant case, the Miami-Dade Circuit Court did not make a class certification determination independent of the class certification determination made by the Broward Circuit Court. Therefore, we remand this cause for the trial court to reconsider class certification of the Miami-Dade owners.
Furthermore, we note that the Miami-Dade Circuit Court did not enter an order expressly adopting the initial class certification order entered by the Broward Circuit Court. Had it done so, Petitioners would have been able to directly appeal the Miami-Dade Circuit Court's order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi), which permits appeals from non-final orders determining that a class should be certified. See Fla. R. App. P. 9.130(a)(3)(C)(vi).
Accordingly, we grant a writ of certiorari quashing the trial court's order denying Petitioners' motion to delete the Miami-Dade County class and require a class certification hearing.
Certiorari granted; order quashed; and cause remanded.