20 So.3d 864 (2009)
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, et al., Appellants,
v.
In re CITRUS CANKER LITIGATION, Appellees.
No. 3D08-3278.
District Court of Appeal of Florida, Third District.
June 17, 2009.
Rehearing and Rehearing En Banc Denied November 18, 2009.
Adorno & Yoss and Wesley R. Parsons and Jack R. Reiter, Miami, for appellants.
Hanzman Gilbert and Robert C. Gilbert; Lytal, Reiter, Clark, Fountain & Williams and Julie H. Littky-Rubin, West Palm Beach; Weiss Serota Helfman Pastoriza Cole & Boniske and Joseph H. Serota and Jamie Alan Cole; Berman Devalerio and Michael J. Pucillo, West Palm Beach, for appellees.
Before WELLS, ROTHENBERG, and LAGOA, JJ.
PER CURIAM.
Affirmed.
WELLS and LAGOA, JJ., concur.
ROTHENBERG, J. (dissenting).
The Florida Department of Agriculture and Consumer Services ("the Department") appeals a nonfinal order issued by the trial court granting the plaintiffs' ("Miami-Dade County homeowners") motion to stay the Miami-Dade County proceedings pending the outcome of the Broward County citrus canker litigation. Because the trial court's order is in direct conflict with this Court's 2006 mandate; section 73.071, Florida Statutes (2008), regarding eminent domain proceedings; Florida Rule of Civil Procedure 1.220(d), regarding class action certification; and relevant case law, I would reverse the order staying the proceedings and remand with directions to proceed with class certification forthwith.
The Miami-Dade County homeowners initially pursued their citrus canker litigation as members of a class action certified in Broward County. The Fourth District Court of Appeal astutely recognized that venue for inverse condemnation rests in the county where the trees were located, and ordered that the Miami-Dade County homeowners be deleted from the Broward County class action litigation. See Fla. Dep't of Agric. & Consumer Servs. v. City of Pompano Beach, 829 So.2d 928 (Fla. 4th DCA 2002). Thereafter, on April 4, 2003, the Broward circuit court transferred the claims involving the Miami-Dade County homeowners to the Miami-Dade circuit court. Instead of conducting its own independent certification hearing, the Miami-Dade circuit court adopted the Broward circuit court's certification order. On October 25, 2006, this Court granted the Department's petition for writ of certiorari, quashed the trial court's order denying the Department's motion to decertify the Miami-Dade County class, and ordered the Miami-Dade circuit court to conduct a class certification hearing. Fla. Dep't of Agric. v. Citrus Canker Litig., 941 So.2d 461 (Fla. 3d DCA 2006). This Court issued its mandate on November 16, 2006.
Despite this Court's mandate in 2006 requiring that a class certification hearing be conducted, no such hearing has taken place for over two years, and on December 1, 2008, the Miami-Dade circuit court *865 stayed the proceedings for an indeterminate period of time pending the outcome of the Broward County litigation, including the appellate process. The Miami-Dade County homeowners' failure to move towards class certification and the Miami-Dade circuit court's failure to hold its independent class certification hearing not only ignores this Court's mandate issued in 2006, it ignores both section 73.071 and rule 1.220(d).
Section 73.071(1), which provides that the trial court should give eminent domain cases priority and impanel a jury as soon as practical, states as follows:
When the action is at issue, and only upon notice and hearing to set the cause for trial, the court shall impanel a jury of 12 persons as soon as practical considering the reasonable necessities of the court and of the parties, and giving preference to the trial of eminent domain cases over other civil actions, and submit the issue of compensation to them for determination, which shall be tried in the same manner as other issues of fact are tried in the circuit courts.
(Emphasis added). Additionally, rule 1.220(d)(1) provides, in pertinent part, as follows:
As soon as practicable after service of any pleading alleging the existence of a class under this rule ... the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class on the application of any party or on the court's initiative.
Florida Rule of Civil Procedure 1.220(d)(1) provides that the trial court may (A) allow the claim or defense to be maintained; (B) disallow the class and strike the class representation allegations; or (C) order postponement of a determination pending completion of discovery on whether the claim or defense is maintainable on behalf of a class. However, if a determination of class certification is postponed "the court shall also establish a date, if possible, for further consideration and final disposition of the motion." Id.
The Department argues that, because rule 1.220(d) only allows for postponement of the class action determination to complete discovery directed to that determination, the trial court lacks authority to delay, or as in this case, stay class certification proceedings for a reason other than to conduct discovery. In the alternative, the Department argues that issuing an indeterminate stay in the class certification process in the Miami-Dade County case pending appellate review of another case in another county, is an abuse of discretion. While I believe rule 1.220 does allow for some discretion in the matter, I agree with the Department that the trial court abused its discretion because the certification (or non-certification) of the class in the Miami-Dade County citrus canker litigation distinctly differs from the class certification process in Broward County, the resolution of the Broward County case will not have any bearing on whether class counsel can meet the class certification requirements in the Miami-Dade County case, there has already been a protracted delay, and the stay issued is indefinite and excessive.
As Judge Shepherd noted in Browning v. Angelfish Swim School, Inc., 1 So.3d 355 (Fla. 3d DCA 2009) (concurring in part; dissenting in part):
The requirement of diligence in the pursuit of class certification is not a matter of mere judicial window dressing. Failure to timely certify prejudices putative class members by delaying recovery of funds to which they are ostensibly entitled. Delaying certification can foster a false sense of security in claimants who may sit on their rights in the mistaken belief they are being protected by the class counsel. If class certification ultimately is denied, the ability of putative *866 class members to proceed thereafter might be barred or hindered. Defendants, too, are entitled to know at the earliest practicable date whether they will be facing a limited number of known plaintiffs or a much larger mass of generally unknown plaintiffs.
....
Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages.
Id. at 362-63 (footnote omitted). Moreover, in Browning, Judge Shepherd stated that the three-year delay in moving for class certification was a "glacial pace" making "a mockery of the `as soon as practicable' requirement of Rule 1.220(d)." Id. at 361. The instant delay will far surpass the delay in Browning.
In Grosso v. Fidelity National Title Insurance Co., 983 So.2d 1165, 1170 (Fla. 3d DCA 2008), review denied, 998 So.2d 1144 (Fla.2008), this Court noted that in In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 787 (3d Cir.1995), the court found that "[d]eliberately delaying a class certification determination ... does not represent an effort to resolve the issue `as soon as practicable.'"
In a wide variety of civil actions, which do not enjoy the "high priority" status that eminent domain and inverse condemnation cases enjoy, the courts of this state have found that staying the proceedings indefinitely until resolution of a separate case, in which the litigants in the pending lawsuit had no control, was an abuse of discretion or a departure from the essential requirements of law. See Shoemaker v. State Farm Mut. Auto. Ins. Co., 890 So.2d 1195 (Fla. 5th DCA 2005) (granting certiorari and quashing the trial court's order granting State Farm a stay pending the Second District Court's disposition of a case and the Fifth District Court's disposition of another case where the claims were identical to those in the pending case, all involved State Farm as the defendant, but where the plaintiffs were different); Verlingo v. Telsey, 801 So.2d 1009 (Fla. 4th DCA 2001) (granting certiorari, finding that a delay of the entire proceedings pending resolution of a separate arbitration proceeding was a departure from the essential requirements of law where the facts underlying the two proceedings were related but where there was nothing to suggest that the defendants in the one case would be bound by the result reached in the other proceeding); Williams v. Edwards, 604 So.2d 930, 932 (Fla. 5th DCA 1992) (finding that the trial court abused its discretion in staying the proceedings pending the Florida Supreme Court's decision of an unrelated case even though the same issues were raised in both cases; stating that "[w]hile the trial court was concerned with the effect of multiple appeals on the ultimate trial in this case, if any, to allow trial courts to stay cases until cases which resolve pending issues are determined by the supreme court would lead to inordinate delay and confusion at the trial court level").
In the instant case, the Fourth District Court of Appeal ordered the Broward circuit court to delete the Miami-Dade County homeowners from the Broward County class action litigation in 2002. The Miami-Dade County homeowners' class proceedings were transferred to Miami-Dade circuit court on April 4, 2003. To date, six years after the class was transferred to Miami-Dade circuit court and two-and-a-half years after this Court ordered the Miami-Dade circuit court to conduct the class certification proceeding, the Miami-Dade County homeowners have taken no steps to do so. The stay issued by the *867 Miami-Dade circuit court, which will indefinitely delay the class certification process, is a clear abuse of discretion, thwarts the directives of section 73.071 and rule 1.220(d), flies in the face of the "soon as practicable" requirement of rule 1.220(d), and defeats the basic principles of fundamental fairness and the orderly administration of justice.
At this stage of the proceedings, the stay makes little, if any, sense. The class certification process not only tests the basic requirements of commonality and numerosity, it tests the adequacy of the class representatives and class counsel, which differ from, and are not dependent on, the rulings made by the Broward circuit court, the Fourth District Court of Appeal, or ultimately the Florida Supreme Court. Regardless of the outcome in the Broward County citrus canker class action lawsuit, the Miami-Dade County class litigation should proceed with certification of its own class. To wait several more years before that process even begins is a clear abuse of discretion requiring reversal.
Accordingly, I dissent.