IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROSIE LEE WILLIAMS,

      Appellant,

 v.

Case No.  5D23-478
LT Case No. 2022-DR-00660

ROGER WILLIAMS, SR.

      Appellee.

_____/

Opinion filed May 1, 2023

Nonfinal Appeal from the Circuit Court
for Clay County,
Gary L. Wilkinson, Judge.

J. Nickolas Alexander, Jr., of J.
Nickolas Alexander, Jr., P.A., Orange
Park, for Appellant.

No Appearance for Appellee.


LAMBERT, C.J.

      Rosie Lee Williams ("Wife") appeals the trial court's "interim" order

entered after a hearing in her dissolution of marriage litigation below that she

asserts denied her motions for temporary spousal support, for interim partial

equitable distribution of marital assets, and to enjoin Roger Williams, Sr. ("Husband") from dissipating certain marital assets. While orders denying an injunction or determining the right in family law matters to immediate monetary relief are reviewable under Florida Rule of Appellate Procedure 9.130, the instant order merely granted Husband's motion to stay the proceedings. Such an order is not one of the listed nonfinal orders reviewable under this rule. *See Westwood One, Inc. v. Flight Express, Inc.*, 940 So. 2d 1241, 1243 (Fla. 5th DCA 2006) ("Appellate jurisdiction to review an appeal from a non-final order is limited to the types of rulings set forth in rule 9.130 of the Florida Rules of Appellate Procedure.").

This, however, does not end our analysis. The proper remedy for an alleged erroneous entry of a stay is certiorari relief. *See Shoemaker v. State Farm Mut. Auto. Ins.*, 890 So. 2d 1195, 1197 (Fla. 5th DCA 2005) ("A trial court has broad discretion to grant a motion for stay, but certiorari is available as a remedy if the delay in proceedings constitutes a departure from the essential requirements of law causing material injury that cannot be remedied on direct appeal." (citing *Smith v. St. Vil*, 765 So. 2d 60, 61 (Fla. 4th DCA 2000))). Accordingly, we shall treat this appeal as a petition seeking

certiorari relief[1] and, for the following reasons, dismiss the petition.

To obtain a writ of certiorari, Wife here must show that the nonfinal order entered is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Golub v. Golub*, 325 So. 3d 164, 170 (Fla. 5th DCA 2021) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). These "second and third prongs are sometimes collectively referred to as the 'irreparable harm' element, and they are jurisdictional." *Id.* (citing *Fla. Dep't of Agric. & Consumer Servs. v. Mahon*, 293 So. 3d 1091, 1095 (Fla. 5th DCA 2020)).

The trial court was apprised that petitions had been filed in separate cases to determine whether Husband was mentally incapacitated and, if so, to appoint a plenary guardian for Husband. The court indicated that it anticipated that orders would be issued within the month resolving those petitions and thus elected to briefly stay the dissolution of marriage proceedings until these separate orders were entered.

---

[1] *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause *shall* be treated as if the proper remedy had been sought . . . ." (emphasis added)); *Pridgen v. Bd. of Cnty. Comm'rs of Orange Cnty.*, 389 So. 2d 259, 260 (Fla. 5th DCA 1980) (concluding that the language in rule 9.040(c) is mandatory).

As previously indicated, a trial court has broad discretion to grant a motion for stay. *Shoemaker*, 890 So. 2d at 1197. Under these specific circumstances, we conclude that there is a lack of irreparable harm caused by this brief stay. We therefore dismiss the petition. *See Golub*, 325 So. 3d at 170 (recognizing that absent a showing of irreparable harm, an appellate court lacks jurisdiction to issue a writ of certiorari and the proceeding is to be dismissed, rather than denied (citing *Mahon*, 293 So. 3d at 1096)). Our dismissal, however, is without prejudice to Wife seeking further relief if, assuming Husband has been found incapacitated and had a guardian appointed, the trial court does not thereafter vacate the stay in the dissolution of marriage litigation.

DISMISSED, without prejudice.

BOATWRIGHT and KILBANE, JJ., concur.