DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONAL EQUITY RECOVERY SERVICES, INC.,**
Petitioner,

v.

**IMPERIAL FUND TRUST 2019-I C/O WILMINGTON
SAVINGS FUND SOCIETY, FSB,**
Respondent.

No. 4D22-1683

[May 24, 2023]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE21004018.

Thomas J. Butler of Thomas Butler, P.A., Miami Beach, for petitioner.

No appearance for respondent.

WARNER, J.

Petitioner seeks certiorari review of a post-judgment order staying proceedings pending the resolution of claims between competing parties to surplus funds from a foreclosure sale. The trial court determined that it did not have jurisdiction of the dispute and deferred any action on the surplus until the dispute was resolved, even though no action had been filed in any other jurisdiction. We grant the petition, concluding that the court departed from the essential requirements of law by staying the action until resolution of the dispute, when section 45.032, Florida Statutes (2021), required the trial court to determine any claims to the surplus proceeds.

After final summary judgment in the underlying mortgage foreclosure case, the property was sold at auction and a certificate of title issued. The sale generated $260,785.39 in surplus funds. This surplus is at the crux of this appeal.

Get Liquid Funding ("GLF") filed a motion to intervene in the mortgage foreclosure case, seeking dispersal of the surplus funds as the record

owners/mortgage foreclosure defendants' assignee. The assignment agreement between GLF and the record owners ("owners") was attached to the motion.

Petitioner, National Equity Recovery Services, also an ostensible assignee of the same owners, filed an objection to the motion to disperse funds to GLF and moved for leave to intervene. In its objection to the motion to disperse, petitioner alleged that GLF's assignment was not legally proper, because the assignment purported to take more than twelve percent of the surplus funds in violation of section 45.033(3)(a)3.(d), Florida Statutes (2021). Petitioner alleged that the owners had sent GLF an assignment cancellation letter.

Discovery between GLF and petitioner ensued. GLF filed a witness and exhibit list, as did petitioner. GLF then filed an ex parte motion to compel the owners to complete responses to requests for production and interrogatories. Petitioner moved to cancel the hearing after filing a response to GLF's request for production on behalf of the owners. The trial court proceeded with the hearing on the motion to compel despite petitioner's motion.

After the hearing, the court entered an order denying the ex parte motion to compel discovery as "premature" due to a dispute between GLF and the owners over their assignment agreement. The court had reviewed the agreement between GLF and the owners and noted that the agreement set jurisdiction in Palm Beach County. The court determined that it lacked jurisdiction to preside over their dispute. The court struck the evidentiary hearing set on the surplus funds from the mortgage foreclosure sale and deferred all actions on the surplus "until after such time as the surplus contract dispute between GLF and [owners] has been resolved either by agreement or by the Palm Beach County Court." The court also ordered that the surplus funds remain in the court registry "until further order of this Court."

Petitioner filed a motion for rehearing, arguing that the noticed hearing sought only to obtain an order on the motion to compel, but the court granted unrequested relief—delaying surplus matters until the contractual dispute was resolved. Petitioner maintained it was not on notice that jurisdiction would be addressed at the hearing and that deferring disbursement of the surplus funds was not in accord with Florida Statutes. The court denied the motion for rehearing. Petitioner then filed this petition for writ of certiorari.

2

Before a court may grant certiorari relief, the petitioner must establish the following three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Cable News Network, Inc. v. Black*, 308 So. 3d 997, 1000 (Fla. 4th DCA 2020) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). The last two elements are jurisdictional. *Williams*, 62 So. 3d at 1132.

Petitioner contends it suffered irreparable harm when the trial court refused to consider the disbursement of the surplus funds from the judicial sale until after GLF and the owners resolved their dispute by agreement or in the forum named in their assignment contract which was Palm Beach County. GLF and the owners had no pending cause of action in Palm Beach County.

We agree that petitioner has satisfied the first two elements of certiorari jurisdiction. Without notice, the trial court issued its sua sponte order staying any proceedings involving disbursement of the surplus funds, violating petitioner's due process rights. The stay did not have any time limit, because the order did not set parameters for the filing and resolution of the Palm Beach County case between GLF and the owner, and no case had been filed at the time of the hearing.

In *Smith v. St. Vil*, 765 So. 2d 60 (Fla. 4th DCA 2000), which presented a similar factual scenario, we held that a sua sponte stay of proceedings for a lengthy period may constitute irreparable harm not remediable on appeal. *Id.* at 61. The trial court had stayed the petitioner's underlying personal injury case until the petitioner neared completion of his nine-year prison term, even though neither the petitioner nor the respondents requested the stay. *Id.* We stated:

> Although the decision whether to grant or deny a stay is within the discretion of the trial court, where, as here, neither party has requested a stay and no sufficient basis for the lengthy stay appears in the record, delay of the entire proceedings may constitute a departure from the essential requirements of law and cause irreparable injury that cannot be remedied on final appeal.

*Id.*; *see also Shake Consulting, LLC v. Suncruz Casinos, LLC*, 781 So. 2d 494, 495 (Fla. 4th DCA 2001).

Here, similar to *Smith*, the trial court deferred action on the surplus funds from the judicial sale until a resolution of the contractual dispute

between GLF and the owners. The court's action was not requested by either GLF or petitioner, and the delay in addressing the surplus funds for the resolution of GLF and the owners' contractual dispute had no definitive ending date and could easily have continued for years.

We also find that the trial court departed from the essential requirements of law. Petitioner sought the disbursement of the surplus funds from the judicial sale held by the Broward County Clerk in the underlying foreclosure action. Section 45.032(3), Florida Statutes (2021), provides:

> (b) If any person other than the owner of record claims an interest in the proceeds prior to the date that the clerk reports the surplus as unclaimed or if the owner of record files a claim for the surplus but acknowledges that one or more other persons may be entitled to part or all of the surplus, *the court shall set an evidentiary hearing to determine entitlement to the surplus. At the evidentiary hearing, an equity assignee has the burden of proving that he or she is entitled to some or all of the surplus funds.* The court may grant summary judgment to a subordinate lienholder prior to or at the evidentiary hearing. *The court shall consider the factors in s. 45.033 when hearing a claim that any person other than a subordinate lienholder or the owner of record is entitled to the surplus funds.*

(Emphasis added.). Section 45.033(3) sets forth the requirements to qualify under the section as a valid assignment or transfer.

Based on section 45.032(3)(b), the trial court was required to hold an evidentiary hearing on the competing motions to release the surplus funds. Courts are not free to deviate from the clear statutory process set forth for the "distribution of surplus foreclosure proceeds" which "is governed by a plain and unambiguous statutory procedure[.]" *Corey v. Unknown Heirs by Neuffer*, 301 So. 3d 380, 383–84 (Fla. 2d DCA 2020). The trial court by statute had jurisdiction to determine the competing claims.

We conclude that the trial court departed from the essential requirements of the law by failing to follow the statutory mandate of section 45.032(3)(b) and by ordering a stay of the proceedings while the parties litigated the assignment and the right to the funds in another forum. This resulted in irreparable harm to petitioner not remediable on direct appeal. We grant the petition and quash the order, remanding for proceedings in accordance with the statute.

KLINGENSMITH, C.J., and CIKLIN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***