379 So.2d 429 (1980)
Willie Mack PERRY, Petitioner,
v.
FIREMAN'S FUND INSURANCE COMPANY and David Ussery, Respondents.
No. 79-1285.
District Court of Appeal of Florida, Second District.
January 30, 1980.
James W. Kelly of Livingston & Kelly, Sebring, for petitioner.
W. Robert Mann and David Paul Montgomery of Mann & Fay, Bradenton, for respondents.
OTT, Judge.
Willie Mack Perry, plaintiff below, appeals the amended order of the trial court which abated his action against Fireman's Fund and its insured, David Ussery. For the following reasons we treat the order of the trial court as a stay of the proceedings and the appeal as a petition for certiorari to review a nonappealable interlocutory order.
Petitioner filed a complaint against David Ussery on May 9, 1978, alleging negligent operation of a motor vehicle. Respondent, Ussery's liability carrier, was joined as a defendant. As of October 30, 1978, however, service of process had not been effected upon Ussery.[1] Respondent filed a motion to abate or quash the action, contending that its liability could not be determined without the presence of its insured. The trial court denied the motion, but respondent was granted a continuance until such time as service of process could be effected upon defendant Ussery.
Thereafter, respondent submitted a motion to amend the order, maintaining that the proper remedy for failure to join an indispensable party was dismissal of the complaint. However, respondent stated in the motion, as it does here, that dismissal *430 was not sought; rather, it requested an abatement of the action until service of process could be effected. It was contended that to allow the action to proceed without proper joinder would "prejudice [the respondent] in such proceedings as depositions and other discovery." The trial judge subsequently entered the amended order abating the action "until proper service has been obtained upon the defendant, David Ussery."
It would seem there is some merit to respondent's contention that the insured is an indispensable party to the action. See Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972), and Fla.R.Civ.P. 1.140(b). See also, Beta Eta House Corp. v. Gregory, 230 So.2d 495 (Fla. 1st DCA 1970), and Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969).
Although the order labeled the postponement as an "abatement", we treat it as a stay of the proceedings in light of respondent's request[2] and the intent of the order. Traditionally, abatement terminated common law actions and necessitated bringing the action anew if and when it became proper to do so. Equitable actions were merely suspended until such time as the disability was removed. Under modern rules a stay simply postpones the action until the happening of some contingency. See generally, 1 Fla.Jur.2d, Actions §§ 37, 63.
A stay is a nonappealable interlocutory order. Fla.R.App.P. 9.130(a). Thus, we treat this appeal as a petition for certiorari under Florida Rules of Appellate Procedure 9.030(b)(2)(A). Departure from the essential requirements of law and prejudice have not been made to appear. Therefore, we deny the petition for certiorari. The "abatement" should not preclude appropriate interrogatories to respondent, or other permissible discovery, as to the whereabouts of respondent's insured, David Ussery.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] Why Ussery has not been served is not revealed by the record or the briefs of the parties.
[2] Respondent stated in its motion to amend the trial court's order continuing the action that it believed "that plaintiff should be given additional opportunity to effect proper service of process upon the insured and therefor [sic] calls for abatement of this action rather than dismissal of the complaint."