PER CURIAM.
Theresa Martinez and Theresa Martinez, M.D., P.A., (hereafter collectively referred to as “Martinez”), petitions this court for a writ of certiorari seeking to quash an order which granted a stay only as to Martinez in a wrongful death action. We grant certiorari and quash the order entered below.
In June of 2001, respondent Maria Iturbe (“Iturbe”), individually and on behalf of the estate of her husband, filed a wrongful death action against Martinez alleging malpractice. Martinez had professional liability insurance through PHICO Insurance Company (“PHICO”), a Pennsylvania corporation. In February of 2002, PHICO was found to be insolvent and an order of liquidation was entered by the Insurance Commissioner of the State of Pennsylvania. The' order, which was filed in Florida, provided that “all actions in which PHICO is or may be obligated to defend a party in any court are stayed to the extent provided by applicable law ...”
Thereafter, Martinez moved the court for a stay of the entire case pursuant to the Florida Insurance Guaranty Act (“FIGA”), which provides that: “All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any Court ... shall be stayed for 6 months ...” § 631.67, Fla. Stat. (2002). However, the trial court granted a stay only as to Martinez for a period of six months.
In this petition, Martinez argues the trial court departed from the essential requirements of law by failing to stay the entire proceeding and that Martinez will be irreparably harmed by not taking part in the defense of the claim, while proceedings continue in Martinez’s absence. We agree.
A FIGA stay under Section 631.67 applies not just to an individual party, but to the proceeding itself. See Jimmy Lang’s Auto Service v. Proctor, 667 So.2d 334 (Fla. 1st DCA 1995); see also Willard v. Davis, 881 S.W.2d 907 (Tex.Ct.App.Fort Worth 1994) (a stay of all proceedings in a medical malpractice claim is required even though the insolvent carrier covered only one of several healthcare providers involved in the suit). Section 631.67 states that “all” proceedings shall be stayed when an insurance carrier becomes insolvent. The word “all” is defined as “every member or individual component of,” see Webster’s New International Dictionary 54 (3d ed.1986), and “the total entity or extent of,” see The American Heritage Dictionary 94 (2d ed.1982). In statutory interpretation, Florida courts will look to dictionary definitions to determine the plain and ordinary meaning of words. See Suddath Van Lines v. State Dep’t of Envt. Prot., 668 So.2d 209 (Fla. 1st DCA 1996); Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987).
We find that the plain and ordinary of meaning of “all” in Section 631.67, as defined in the dictionary, clearly indicates that a stay should have been granted for the entire proceeding. Accordingly, we grant certiorari, and quash the order below with directions that a stay be entered as to the entire proceedings.
Certiorari granted; order quashed with directions.