840 So.2d 432 (2003)
DEPARTMENT OF CHILDREN AND FAMILIES, Appellant,
v.
L.D. and J.S., Parents of C.S. and J.S., children, Appellees.
No. 5D02-2042.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
*434 Charles D. Peters, Orlando, for Appellant.
No Appearance for Appellees.
SAWAYA, J.
In this termination of parental rights case, the Department of Children and Families (the Department) appeals the order that "abated entering judgment for 90-days" to give the mother additional time to satisfy the case plan requirements and, in the case of the father, to actually begin compliance with the case plan. The Department argues that the trial court erred in abating the judgment and accepting evidence of case plan compliance and child visitation after the trial had concluded. The absence of a brief filed by the parents leads us to conclude that they have elected not to participate in these proceedings. We will proceed without them.
Our initial task is to determine whether we have jurisdiction to review the order the Department seeks to appeal. We must first analyze the order to determine what it actually isan order of abatement, which is generally utilized to terminate one of two actions that are pending simultaneously that involve the same parties and issues, or a stay of proceedings, which essentially postpones the action until a contingency occurs. See Williams v. Edwards, 604 So.2d 930 (Fla. 5th DCA 1992). The difference between the two types of orders is important because an order staying a proceeding is not an appealable non-final order. See Perry v. Fireman's Fund Ins. Co., 379 So.2d 429 (Fla. 2d DCA 1980) (citing Fla. R.App. P. 9.130(a)). Although we are not certain whether the language "abated entering judgment" is simply phraseology couched in the idiom of the trial judge or a misnomer, we believe that the trial judge actually intended to stay the proceedings rather than terminate them. While a stay order is a non-appealable interlocutory order, we may, nevertheless, treat the notice of appeal from that order as a petition for certiorari under Florida Rule of Appellate Procedure 9.030(b)(2)(A). Williams v. Edwards, 604 So.2d 930 (Fla. 5th DCA 1992); Perry; see also Martinez v. Iturbe, 823 So.2d 266 (Fla. 3d DCA 2002). Having elected to do so, we proceed with our review.
Turning now to the facts of the case, the parents' two children were sheltered *435 in June 2000 because the parents abused drugs and engaged in domestic violence. The next month, the Department filed a dependency petition, and the children were returned to the custody of the parents. Unfortunately, conditions in the home did not improve, and the children were subsequently placed in foster care. The Department filed its termination petition based on the parents' noncompliance with the proffered case plan and failure to take advantage of their visitation rights. Apparently, the evidence presented at the final hearing did not quite convince the trial judge that the Department had met its burden of proof, so she requested written closing arguments to assist her as she contemplated her decision.
The parents were chided by the trial court for their lack of motivation to "get their children back," and the mother, who took the scolding to heart, began attending parenting class, made attempts to find a job, continued her work on the case plan, and completed the domestic violence program. At a subsequent review hearing of rather short duration that was conducted before submission of the written closing arguments, the mother submitted her post-hearing efforts to the trial judge who, apparently being favorably impressed, announced that she would abate the proceedings to give the parents another chance to comply with the case plan. The Department did not object. This ruling was memorialized in the order under review. The Department subsequently filed a petition for writ of mandamus, which this court denied. Thereafter, the Department filed the instant appeal, which, as we have previously indicated, we have elected to treat as a certiorari proceeding.
While several standards of review are utilized to review petitions for writs of certiorari, when an appellate court reviews an non-appealable non-final order rendered by a trial court, the party seeking review must demonstrate that the trial court departed from the essential requirements of law and that the resulting harm is irreparable and cannot be remedied on appeal following final judgment. Belair v. Drew, 770 So.2d 1164 (Fla.2000); Jaye v. Royal Saxon, Inc., 720 So.2d 214 (Fla. 1998); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); S.H. v. Department of Children & Families, 769 So.2d 452 (Fla. 5th DCA 2000).
The Department argues there is no legal basis for the trial judge's refusal to rule on the termination petition and that this refusal constitutes reversible error. We disagree. The trial court did not refuse to rule on the Department's petition: it simply granted a stay for a definite period of time. The decision to grant or deny a stay is based on the trial court's discretion and, absent a clear showing of abuse of that discretion, the decision will not be disturbed. Onett v. Ahola, 780 So.2d 979 (Fla. 5th DCA 2001).
Here, the Department did not object to the 90-day stay. Moreover, it has failed to demonstrate that the trial court abused its discretion in ordering the stay. Hence, the Department has failed to demonstrate that the trial court departed from the essential requirements of law. Once the 90 day period expires and the trial court renders its final decision, the Department may certainly challenge any adverse ruling via direct appeal. Therefore, the Department has also failed to demonstrate that it has no adequate remedy on appeal after the final judgment is rendered.
As to the Department's argument that the trial court erred in considering evidence after the hearing had concluded, it is clear that the termination hearing was not actually concluded. Rather, as we have indicated, it was stayed. Thus, the trial *436 court's consideration of evidence after the hearing recessed was not error.
Finally, we note that parental rights implicate fundamental liberty interests, and the Department must establish that termination of parental rights is the least restrictive means available to protect the children from harm. In re K.C.C., 750 So.2d 38, 40 (Fla. 2d DCA 1999); see also Department of Health & Rehabilitative Servs. v. M.B., 701 So.2d 1155, 1163 n. 13 (Fla.1997). This is a decision that no court should take lightly or rush through. See Beveridge v. Mardis, 682 So.2d 1142, 1143 (Fla. 2d DCA 1996) ("[T]he court should vigilantly adhere to all statutory and procedural requirements before taking the drastic final step of terminating ... parental rights."). We do not believe that the trial court abused its discretion in staying the hearing, considering additional evidence, and taking additional time to "get it right."
AFFIRMED.
SHARP, W. and ORFINGER, JJ., concur.