VILLANTI, Judge.
The Department of Children and Family Services seeks a writ of certiorari directed to the nonfinal, nonappealable order entered by the trial court that vacated the Mother’s consent to the dependency of her children and scheduled a hearing on the Department’s dependency petition. Because the Department did not establish that this order results in irreparable harm, we dismiss the petition.
The record before this court is limited to the trial court’s order vacating the Mother’s consent.[1] According to the facts contained in that order, the Mother appeared in court on Monday, August 9, 2010, with appointed counsel and consented to the dependency of her children. After the trial court was satisfied that the Mother’s consent was voluntary, it accepted her consent and the Department’s case plan.
Two days later, the Mother appeared before the trial court with different counsel and stated that she wanted to withdraw her consent. The Mother’s counsel explained that the Mother felt she had been forced by prior counsel to enter the consent because that counsel had told her that if she went to trial she would lose. *253 Counsel conceded that the trial court had not made any errors in its colloquy with the Mother or in accepting her consent two days earlier. However, counsel requested that the court permit the Mother to withdraw her consent and proceed to an adjudicatory hearing on the dependency petition. Apparently, the Mother did not testify. Thus, the trial court granted this motion based on counsel’s unchallenged representations and scheduled an adjudicatory hearing on the Department’s dependency petition.
In response to the order vacating the Mother’s consent, the Department filed a petition for writ of certiorari in this court, contending that the trial court departed from the essential requirements of the law in setting aside the Mother’s consent because the Mother had not established any legal ground for withdrawing her consent. The Department did not address, or even mention, whether the trial court’s order resulted in irreparable harm to the Department. The Guardian ad Litem filed a concession of error which also did not address whether the trial court’s order resulted in irreparable harm. The Mother did not appear in this proceeding, either pro se or through counsel.
Despite the Mother’s nonappearance and the Guardian’s concession of error, we must dismiss the Department’s petition because the Department has not established entitlement to relief by means of certiorari. “[W]hen an appellate court reviews an [sic] non-appealable non-final order rendered by a trial court, the party seeking review must demonstrate that the trial court departed from the essential requirements of law and that the resulting harm is irreparable and cannot be remedied on appeal following final judgment.” Dep’t of Children & Families v. L.D., 840 So.2d 432, 435 (Fla. 5th DCA 2003) (citing Belair v. Drew, 770 So.2d 1164 (Fla.2000) (emphasis added); Jaye v. Royal Saxon, Inc., 720 So.2d 214 (Fla.1998); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987)). This standard of review applies to petitions for certiorari filed in dependency and termination proceedings, just as it does in other civil actions. See, e.g., L.D., 840 So.2d at 435; State, Dep’t of Children & Family Servs. v. L.G., 801 So.2d 1047, 1050 (Fla. 1st DCA 2001); S.H. v. Dep’t of Children & Families, 769 So.2d 452, 452 (Fla. 5th DCA 2000). Under this standard, relief by means of certiorari is not available when there is no irreparable harm or when the petitioner has another remedy. See Dep’t of Children & Families v. Clem, 903 So.2d 1011, 1014 (Fla. 5th DCA 2005); L.D., 840 So.2d at 435; S.H., 769 So.2d at 452.
In this case, the Department has not shown that the trial court’s order resulted in irreparable harm that cannot be remedied on direct appeal. As the case now stands, the Mother’s consent to dependency has been withdrawn and there is an adjudicatory hearing scheduled on the Department’s petition for dependency. At that adjudicatory hearing, the Department may prove that the Mother’s children are dependent, at which point it will have suffered no harm. And if the court determines at that hearing that the Department has failed to prove the allegations in its dependency petition, the Department may seek relief on direct appeal from that adverse ruling. In either event, the trial court’s order has not resulted in irreparable harm to the Department so as to entitle it to the issuance of a writ of certiorari. We therefore dismiss this petition.
Dismissed.
SILBERMAN and KELLY, JJ., Concur.

. The Department chose not to provide this court with a transcript of any of the proceedings before the trial court. This omission, however, has no bearing on our decision in this matter.