HAZOURI, J.
Appellant, Galt Ocean Manor Condominium Association, Inc. (“the Association”), appeals the following two orders: (1) Order on Plaintiffs’ (“Owners”) Motion for Relief from Judgment and Stay of Enforcement; and (2) Order on Plaintiffs’ (“Owners”) Claims for Exemptions from Garnishment and Requiring Disgorgement of Any Assets Previously Garnished. We dismiss this case because it is not yet ripe for appellate review.
First at issue is the trial court’s order deferring ruling on the motion for relief from judgment and staying enforcement of the attorney’s fee judgment. While an order staying a proceeding is not an ap-pealable non-final order, Dep’t of Children & Families v. L.D., 840 So.2d 432, 434 (Fla. 5th DCA 2003), the Association contends that the stay order is appealable because “it was part and parcel of the order dealing with the Motion for Relief from Judgment.” We disagree.
Next, the Association correctly contends that the order granting Owners’s exemptions from garnishment is reviewáble under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). However, while renewable, the issue is not yet ripe. See Mendez v. W. Flagler Family Ass’n, Inc., 303 So.2d 1, 5 (Fla.1974) (finding that “piecemeal appeals should not be permitted where claims are legally interrelated and *904 in substance involve the same transaction”). While the Association contests the trial court’s grant of Owners’s exemptions from garnishment, the attorney’s fee award has been stayed pending the outcome of collateral litigation in L.T. Case No. 07-22929 CACE 21. Thus, even if Owners’s exemptions from garnishment merited reversal, the Association would be unable to collect the attorney’s fee award because the trial court has deferred ruling on the motion for relief from judgment and has stayed enforcement of the attorney’s fees.
Accordingly, this case is dismissed.

Dismissed.

POLEN and CIKLIN, JJ„ concur.