NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GUNTHER FLAIG in a representative )
capacity on behalf of and in the right )
of PALMCREST HOMES OF TAMPA )
BAY, LLC, a Florida limited liability )
company, )
)
        Petitioner, )
)
v. )   Case No. 2D13-5380
)
CHRIS SULLIVAN; ALEXANDER )
SULLIVAN; ADAM SCHOENBAUM; )
JILL CREAGER; PROVIDENCE FAMILY )
OFFICES, LLC; SAB INVESTORS, LLC; )
A&S PROPERTIES OF FLORIDA, LLC; )
and CTS EQUITIES, LP, )
)
        Respondents. )
_____ )

Opinion filed July 18, 2014.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Paul L.
Huey, Judge.

Kurt E. Davis of The Davis Law Firm,
Tampa, and Russell A. Wade, III, of Russell
A. Wade, III, P.A., Lake Butler, for
Petitioner.

Marie Tomassi, Charles M. Harris, Jr., and
Amanda E. Taylor of Trenam, Kemker,
Scharf, Barkin, Frye, O'Neill & Mullis, P.A.,
St. Petersburg, for Respondents.

NORTHCUTT, Judge.

Gunter Flaig filed a derivative lawsuit on behalf of Palmcrest Homes of Tampa Bay, LLC, against the respondents in this case. Similar claims to those underlying the five counts in the derivative suit were at issue in two other pending lawsuits. The parties in the three lawsuits, although somewhat overlapping, were not identical. After a hearing on a number of motions in this suit, the circuit court stated that "the claims being brought by Mr. Flaig are duplicative of other pending litigation. As long as that litigation is being prosecuted, this action is abated." Flaig petitioned for certiorari review of the court's order abating the suit. We deny the petition.

Flaig correctly points out that abatement pending resolution of other lawsuits is proper only if the identities of the parties in the lawsuits are identical. See Relinger v. Fox, 55 So. 3d 638, 640 (Fla. 2d DCA 2011). But it is apparent to us that the court below intended to stay the instant suit, not to abate it.

An important difference between abating a suit and staying it is that the former terminates the action, necessitating a refiling of it, whereas the latter merely pauses proceedings in the stayed suit until the happening of a contingency. See Perry v. Fireman's Fund Ins. Co., 379 So. 2d 429, 430 (Fla. 2d DCA 1980) (describing difference between abatement and stay). Here, the circuit court's order on this point states: "Should those other actions be dismissed without a resolution of the issues underlying this case, Mr. Flaig can move forward to prosecute this action. Until then, all litigation, including all discovery, in this case is STAYED." (Emphasis in original.)

Accordingly, we treat this order as a stay of the proceedings below.  See Perry, 379 So. 2d at 430 (treating order ostensibly abating suit as a stay order based on the apparent intent of the order); see also Dep't of Children & Families v. L.D., 840 So. 2d 432, 434 (Fla. 5th DCA 2003) (same).

Although we may review a stay order under our certiorari jurisdiction, see art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(2)(A); Perry, 379 So. 2d at 429, we deny the petition in this case.  The order staying the proceedings properly provides that the derivative suit may go forward if the issues raised therein are not decided in other litigation.  Any resulting delay or inconvenience to the parties would not suffice as the irreparable harm that would permit us to issue a writ of certiorari.  See Cruz v. Cooperativa de Seguros Multiples de Puerto Rico, Inc., 76 So. 3d 394, 398 (Fla. 2d DCA 2011), review denied, 97 So. 3d 823 (Fla. 2012).

Petition denied.


DAVIS, C.J., and CASANUEVA, J., Concur.