# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0973
Lower Tribunal No. 21-25928-CA-01
_____

**Nikolai Kazakov, Vera Kazakova and Thomas Butler,**
Petitioners,

vs.

**Elena Bourlakova, Veronica Bourlakova, Loudmila Bourlakova, Gregory Gliner, Semen Anufriev, Steven Landau, Natalia Rousso, Igor Krutoy, Olga Krutoia, Edelweiss Investments, Inc., and Hemaren Stiftung,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Shutts & Bowen LLP, and Peter H. Levitt, and Aliette D. Rodz, for petitioners.

Greenberg Traurig, P.A., and Elliot H. Scherker, Brigid F. Cech Samole, and Bethany J. M. Pandher; Black Srebnick, P.A., and Howard Srebnick, Zaharah R. Markoe, and Maria D. Neyra, for respondents.

Before FERNANDEZ, MILLER and GOODEN, JJ.

PER CURIAM.

This complex case involves Florida and international litigation—all of which concern a multi-billion dollar estate and ownership control over companies. The Petitioners Nikolai Kazakov, Vera Kazakova, and Thomas Butler filed a petition for writ of certiorari seeking to quash an order staying two related Florida cases on the grounds of comity. After the overlapping issues in the international litigation resolve, the order allowed the parties to lift the stay and try the remaining issues. The international litigation is scheduled for trial in January 2027.

To obtain a writ of certiorari, a party must demonstrate a departure from the essential requirements of the law that results in material injury that cannot be corrected on plenary appeal. Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812, 822 (Fla. 2004); Kilgore v. Bird, 6 So. 2d 541, 545 (Fla. 1942). Because we find that the Petitioners failed to establish irreparable harm, we dismiss the petition. See Baute v. Crenshaw, 405 So. 3d 388, 390 (Fla. 6th DCA 2023) ("Not every stay causes a party irreparable harm."); Flaig ex rel. Palmcrest Homes of Tampa Bay, LLC v. Sullivan, 141 So. 3d 1274, 1276 (Fla. 2d DCA 2014) ("The order staying the proceedings properly provides that the . . . suit may go forward if the issues raised therein are not decided in other litigation. Any resulting delay or inconvenience to

2

the parties would not suffice as the irreparable harm that would permit us to issue a writ of certiorari."); Perry v. Fireman's Fund Ins. Co., 379 So. 2d 429, 430 (Fla. 2d DCA 1980) ("[A] stay simply postpones the action until the happening of some contingency.").

Petition dismissed.