# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0904
Lower Tribunal No. 23-688-CA-01

_____

**Alternative Global One, LLC, et al.,**
Petitioners,

vs.

**David Feingold and Michael Dazzo,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Greenberg Traurig, P.A., and Glenn E. Goldstein, Avi Benayoun, John L. McManus, Zachary R. Needell (Fort Lauderdale), Brigid F. Cech Samole, and Bethany J.M. Pandher, for petitioners.

Barakat + Bossa, PLLC, and Brian Barakat and Jocelyne A. Macelloni and Matthew Akiba; Berkeley Law, P.A., and Lorne E. Berkeley (Cooper City); Clarke Silverglate, P.A., and Stephanie M. Simm, Spencer H. Silverglate, Ana Sarmento and Raul Alvarez, for respondents.

Before FERNANDEZ, GORDO and GOODEN, JJ.

PER CURIAM.

Petitioners Alternative Global One, LLC, Alternative Global Two, LLC, Alternative Global Three, LLC, Alternative Global Four, LLC, Alternative Global Five, LLC, and Alternative Global Six, LLC, seek a writ of certiorari quashing two orders granting Appellees' David Feingold and Michael Dazzo's renewed motion to stay proceedings pending disposition of an earlier-filed action pending in the United States District Court for the Southern District of Florida.[1]

To obtain a writ of certiorari, a party must demonstrate a departure from the essential requirements of the law that results in material injury that cannot be corrected on plenary appeal.  Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004); Kilgore v. Bird, 6 So. 2d 541, 545 (Fla. 1942).  "Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction."  Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014).  It is a condition precedent for this Court to provide relief.  Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 215 (Fla. 1998).

---

[1] Feingold and Dazzo previously filed a petition for writ of certiorari seeking to quash the order denying their earlier stay motion.  This Court denied that petition in an unelaborated order.  See 3D2023-1020.  Since then, the earlier-filed federal action was consolidated with two other federal actions.  Based on that consolidation, Feingold and Dazzo renewed their motion to stay, and the trial court granted the motion.

2

Because we find that the Petitioners failed to establish irreparable harm, we hereby dismiss the petition.  See Baute v. Crenshaw, 405 So. 3d 388, 390 (Fla. 6th DCA 2023) ("Not every stay causes a party irreparable harm."); Flaig ex rel. Palmcrest Homes of Tampa Bay, LLC v. Sullivan, 141 So. 3d 1274, 1276 (Fla. 2d DCA 2014) ("The order staying the proceedings properly provides that the . . . suit may go forward if the issues raised therein are not decided in other litigation. Any resulting delay or inconvenience to the parties would not suffice as the irreparable harm that would permit us to issue a writ of certiorari."); Perry v. Fireman's Fund Ins. Co., 379 So. 2d 429, 430 (Fla. 2d DCA 1980) ("[A] stay simply postpones the action until the happening of some contingency.").

Petition dismissed.